IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **APPLE ALLEY ASSOCIATES II, LP,** : <br> Plaintiff, : <br> : <br> v. : <br> : <br> **M & T BANK,** : <br> Defendant. : | **CIVIL ACTION** <br><br> **NO. 13-7258** |

**MEMORANDUM OPINION**

**RUFE, J.**                                                                 **April 23, 2015**

Plaintiff, Apple Alley Associates II, LP sues M & T Bank. The Amended Complaint alleges three counts of negligence (Counts I, III, and IV) and one count of conversion of a financial instrument (Count II). Before the Court is M & T Bank's Motion to Dismiss all claims set forth in the Amended Complaint. For the reasons set forth below, the motion is granted in part and denied in part.

**I.        Factual Allegations in the Amended Complaint**

Apple Alley was engaged in the construction of a three-story student housing facility in Pennsylvania. Apple Alley is a limited partnership for which Coach Partners II, LLC is the general partner, and which has a number of limited partners. Coach Partners was responsible for making all decisions and conducting all business operations for the project, and for communicating about financial matters with the investors. The sole managing member of Coach Partners was Dennis Dunn. He was solely responsible for making business decisions and conducting operations for, and communicating financial information about, both Coach Partners and Apple Alley. Both the limited partners of Apple Alley and the limited partners of Coach Partners were passive investors, not involved in the operations, decisions, or business of Apple Alley and Coach Partners.

To finance the construction project, Apple Alley solicited investments from limited partners in April 2011 through August 2011. Investors collectively provided nine checks made payable to Apple Alley, in amounts ranging from $20,000 to $112,500, and totaling $425,000. These checks should have been deposited into Apple Alley's account at Keystone Community Bank, and used to fund the construction project.

In March 2013, an Apple Alley limited partner, William Larkin, who is also a certified public accountant, and who had many of the limited partners as accounting-tax clients, noted that the K-1 tax forms provided to the limited partners indicated a small profit in 2012, whereas Larkin believed the forms should have indicated a substantial tax loss. He then asked Dunn if he could review Apple Alley's books and records. Dunn authorized Apple Alley to release the financial records to Larkin in April 2013, and in May and June 2013, Larkin discovered that the investment checks from the limited partners had never been deposited into Apple Alley's bank account at Keystone Community Bank. He then asked the investors to request copies of the front and back of their checks from their banks. Upon inspection of those copies, Lakin learned that Dunn had signed the checks as "Managing Partner" of Apple Alley, then endorsed the checks over to Higher Education Solutions, LLC, an unrelated entity of which Dunn is the sole owner, and then endorsed the checks as the managing member of that company and deposited them into Higher Education Solutions, LLC's account at M & T Bank. These checks were deposited by mailing them to an M & T Bank employee. Apple Alley alleges that this employee knew that depositing these checks into the Higher Education Solutions, LLC account violated the bank's internal operating procedures, as well as the Pennsylvania Commercial Code ("PCC"), and that this employee knowingly facilitated the unauthorized deposits.

In June 2013, after this information came to light, Dunn was removed as the sole managing member of Coach Partners, and Larkin was elected to replace him as the sole managing member of Coach Partners.

Apple Alley now sues M & T Bank, contending that it is liable for negligently accepting the checks for deposit into the Higher Education Solutions, LLC account, and for conversion of financial instruments.

## II.     Standard of Review

Dismissal of a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted is appropriate where a plaintiff's "plain statement" does not possess enough substance to show that plaintiff is entitled to relief.[1] In determining whether a motion to dismiss should be granted the court must consider those facts alleged in the complaint, accepting the allegations as true and drawing all logical inferences in favor of the non-moving party.[2] Something more than a mere *possibility* of a claim must be alleged; plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."[3] The court has no duty to "conjure up unpleaded facts that might turn a frivolous . . . action into a substantial one."[4] Furthermore, courts are not bound to accept as true legal conclusions couched as factual allegations.[5]

---

[1] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007).

[2] *ALA, Inc. v. CCAIR, Inc.*, 29 F.3d 855, 859 (3d Cir. 1994); *Fay v. Muhlenberg Coll.,* No. 07-4516, 2008 WL 205227, at *2 (E.D. Pa. Jan. 24, 2008).

[3] *Twombly*, 550 U.S. at 570.

[4] *Id.* at 562.

[5] *Id.* at 555, 564.

**III.    Discussion**

    **A.    Claim under the Pennsylvania Commercial Code (PCC)**

M & T Bank moves to dismiss Apple Alley's PCC claim for conversion of financial instruments, arguing that under Pennsylvania's Uniform Fiduciaries Act, because Apple Alley's fiduciary, Dunn, endorsed the checks deposited, M & T Bank is not liable to Apple Alley as a matter of law.

    Pennsylvania's Uniform Fiduciaries Act reads:

> If a fiduciary makes a deposit in a bank to his personal credit . . . of checks payable to his principal and indorsed by him, if he is empowered to indorse such checks; or if he otherwise makes a deposit of funds held by him as fiduciary,--the bank receiving such deposit is not bound to inquire whether the fiduciary is committing thereby a breach of his obligation as fiduciary, and the bank is authorized to pay the amount of the deposit, or any part thereof, upon the personal check of the fiduciary, without being liable to the principal, unless the bank receives the deposit or pays the check with actual knowledge that the fiduciary is committing a breach of his obligation as fiduciary in making such deposit or in drawing such check or with knowledge of such facts that its action in receiving the deposit or paying the check amounts to bad faith.[6]

Based on the allegations in this case, Dunn owed Apple Alley a fiduciary duty, as the managing member of Coach Partners, which was the general partner of Apple Alley. Apple Alley pled that Dunn had exclusive control and authority over the financial decisions of Apple Alley, and the limited partners of Apple Alley had empowered Dunn to endorse and deposit checks on its behalf. In endorsing the checks payable to Apple Alley as "Managing Partner" of Apple Alley, he indicated to the bank that he was acting in a fiduciary role, and not an individual one.[7] Dunn

---

[6] 7 P.S. § 6393.

[7] Although Apple Alley points out a technical defect in the manner in which Dunn endorsed the checks on behalf of Apple Alley, it is clear from the Amended Complaint that Dunn was authorized to endorse and deposit checks for Apple Alley as managing member of Coach Partners, and his endorsement made it apparent to the bank that he was acting in a fiduciary role.

4

deposited checks payable to his principal and endorsed by him to the bank account of a company unrelated to Apple Alley, of which he was the sole owner ("to his personal credit").[8] Therefore, the Uniform Fiduciaries Act is applicable, and M & T Bank cannot be held liable to Apple Alley, unless the bank had actual knowledge that the fiduciary was committing a breach of his obligations as a fiduciary or the bank acted in bad faith.[9]

Apple Alley argues that the dual endorsement of the checks by Dunn, the number of checks (nine), the amounts of the checks, the absence of a banking relationship between Apple Alley and M & T Bank, and the lack of a corporate resolution, were sufficient to trigger a duty to inquire as to whether Dunn was violating his fiduciary duty to Apple Alley in endorsing the checks, signing them over to another entity, and depositing the checks in another entity's bank account. However, under the statute, "the Bank has *no duty of inquiry* as to the existence of a restriction even if suspicious circumstances exist. . ."[10] Because the statute requires actual knowledge or bad faith, it is not sufficient to point to facts which may indicate suspicious circumstances; one must point to circumstances from which the Court can infer actual notice of wrongdoing.

The Amended Complaint also alleges that Dunn deliberately sent the checks, by mail, to a particular employee of M & T Bank for deposit. Before working for M & T Bank, this unnamed employee worked for a bank in which Dunn was an officer or equity holder, and that bank was acquired by M & T Bank prior to the transactions at issue. Because these allegations are sufficient to suggest that an agent of M & T Bank may have accepted the deposits with actual knowledge that Dunn was depositing them in breach of his fiduciary duties, the Court will not

---

[8] *Springfield Township v. Mellon PSFS Bank*, 889 A.2d 1184, 1186-87, 1190 (Pa. 2005) ( holding that the Fiduciaries Act applies when the funds are deposited into the fiduciary's business account).

[9] 7 P.S. § 6393.

[10] *Melley v. Pioneer Bank, N.A.*, 834 A.2d 1191, 1197 (Pa. Super. 2003) (emphasis in original).

dismiss Apple Alley's claims as barred by the Uniform Fiduciaries Act at this stage in the litigation.

### B. Negligence Claims

M & T Bank's motion to dismiss sets forth three additional grounds for dismissing Apple Alley's claims based in negligence[11]: 1) the claims are barred by Pennsylvania's economic loss doctrine; 2) the claims are preempted by the PCC; and 3) the claims are time barred by the applicable statute of limitations. The Court will only reach the first argument, as it is dispositive.

Under Pennsylvania's economic loss doctrine, "no cause of action exists for negligence that results solely in economic damages unaccompanied by physical injury or property damage."[12] Generally, claims for purely economic injury have a remedy in contract. For example, "express and implied warranties under contract law are best suited to compensate for a loss in product value."[13] However, the Third Circuit has held that even where there is no remedy in contract, the economic loss doctrine generally bars negligence claims involving only economic loss, with narrow exceptions not applicable here.[14] As Apple Alley is claiming only financial loss, the Court will dismiss the negligence claims as barred by the economic loss doctrine.

---

[11] Counts I, III, and IV are captioned, respectively, "Negligence," "Lack of Ordinary Care," and "Violation of Banking Standards." Looking to the substance of the three counts, the Court finds that, in each, Apple Alley is alleging that M & T Bank violated a duty of care which was not imposed by contract. Thus, the Court finds that the Complaint contains three claims of negligence which can be analyzed together for purposes of the motion to dismiss.

[12] *Estate of Clark el rel. Clark v. Toronto Dominion Bank*, No. 12-6259, 2013 WL 1159014, at *10 (E.D. Pa. March 21, 2013) (quoting *Excavation Technologies, Inc. v. Columbia Gas Co. of Pa.,* 985 A.2d 840, 841 (Pa. 2009).

[13] *Werninski v. Ford Motor Co.*, 286 F.3d 661, 671 (3d Cir. 2002).

[14] *See Sovereign Bank v. BJ's Wholesale Club, Inc.*, 533 F.3d 162, 176-77 (3d Cir. 2008) (analyzing *Bilt-Rite Contractors, Inc. v. The Architectural Studio*, 866 A.2d 270 (Pa. 2005); *Bouriez v. Carnegie Mellon University*, 430 F. App'x 182, 187 (3d Cir. 2011); *see also American Stores Properties, Inc. v. Spotts, Stevens & McCoy, Inc.*, 648 F. Supp. 2d 707, 713-14 (E.D. Pa. 2009) (collecting cases).

**IV.     Conclusion**

For the reasons set forth herein, M & T Bank's motion to dismiss the Amended Complaint will be granted as to the negligence claims, and denied as to the PCC claim. An appropriate order follows.